UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JAIME G.C.,

                                    Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

                                    Respondents.

Civil No. 26-1401 (JRT/EMB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Grace Jacobson, James K. Langdon, **DORSEY & WHITNEY**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Petitioner.

David W. Fuller, David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Jaime G.C. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 27, 2026. Jaime G.C. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes

that Jaime G.C.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

## BACKGROUND

Jaime G.C. is a citizen of El Salvador and a resident of St. Paul, Minnesota. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 55, Feb. 12, 2026, Docket No. 1.) He entered the United States in 1998. (*Id.* ¶ 59.) He was granted Temporary Protected Status (TPS) in June 2001. (*Id.*) His TPS has been extended several times. (*Id.*) In 2023, Jaime G.C. sought another extension of his TPS, and he was approved though March 9, 2025. (*Id.* ¶ 60.) On March 8, 2025, he filed another application to extend his TPS and employment authorization, and those applications remain pending. (*Id.* ¶ 61.) Jaime G.C. is not subject to a final order for removal. (*Id.* ¶ 58.)

On January 27, 2026, ICE arrested Jaime G.C. without a warrant while he was driving in St. Paul on his way to go grocery shopping. (*Id.* ¶¶ 63, 66–67.) He was taken into custody and transported to a detention facility in Willmar, Minnesota. (*Id.*) On February 12, 2026, Jaime G.C. filed a Verified Petition for Writ of Habeas Corpus, alleging that his continued detention is unlawful and requesting that the Court order his immediate release, or alternatively, a bond hearing. (*Id*. ¶¶ 70–100.)

On February 13, 2026, the Court issued an order (1) enjoining Respondents from transferring Jaime G.C. outside the District of Minnesota pending a ruling on his habeas petition, and (2) directing Respondents to file an answer by February 16, 2026. (Docket No. 3.) The Respondents answered the Petition. (Docket No. 5.)

**DISCUSSION**

Respondents argue that Jaime G.C. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), noting that Petitioner's TPS has expired. After thorough review of the parties' filings, the Court concludes that the legal issues presented by Jaime G.C.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, Civ. No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that Jaime G.C. was arrested while already in the United States. (*See* Pet. ¶ 63.) For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Jaime G.C.'s detention is not authorized by § 1225(b)(2). Even if Petitioner's TPS has expired, that expiration would not alter the Court's analysis. *See Caryelis B.B.B. v. Bondi*, Civ. No. 26-917, 2026 WL 296560, at *1 (D. Minn. Feb. 4, 2026) (holding that § 1225(b)(2) did not authorize the detention of a petitioner whose TPS had expired).

The Court therefore turns to the proper remedy. Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2), and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553

U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Jaime G.C.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Jaime G.C.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon

Petitioner's release, they are not left outside in dangerous cold.  It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 20, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 17, 2026  
at Minneapolis, Minnesota.  
Time: 3:35 p.m.

_____  
JOHN R. TUNHEIM  
United States District Judge